# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHEN GIFFORD and<br>STEPHANIE GIFFORD,<br><br>                   Plaintiffs,<br><br>vs.<br><br>PRECISION PALLET, INC.,<br><br>                 Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. 07-2339-JTM-DWB<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Compel Discovery Responses and memorandum in support.  (Docs. 35, 36.)  Plaintiffs have responded in opposition (Docs. 37, 38), and also seek a Protective Order preventing disclosure of any terms of a prior settlement, and Defendant has replied. (Doc. 40.)   Having carefully reviewed the submissions of the parties, the Court is prepared to rule.

## BACKGROUND

Plaintiffs filed their Complaint against Defendant on August 1, 2007, which included claims for negligence, strict liability, loss of consortium, and punitive damages.  (Doc. 1.)  Plaintiffs allege that Plaintiff Stephen Gifford was severely

1

and permanently injured when an oversized wooden pallet broke and fell on him. (*Id.*, at 2.)  Plaintiffs allege that Defendant designed and manufactured the pallet at issue.  (*Id.*, at 2-3.)

Plaintiffs initially filed a lawsuit in the Northern District of Florida, naming Precision Pallet as a Defendant along with Thinking Outside, LLC (hereinafter "Thinking Outside") and KSQ, a division of Western Industries, Inc. (hereinafter "KSQ").  (Doc. 36-2, at 1-7.)  Precision Pallet was dismissed from that lawsuit for lack of personal jurisdiction.  (Doc. 36-2, at 21.)

Plaintiffs ultimately settled their claims against Thinking Outside and KSQ. (Doc. 36, at ¶ 4.)  In the present lawsuit, Defendant served an Interrogatory and Request for Production on Plaintiffs seeking details and documents regarding any settlement.  (Doc. 36-2, at 30-31, 38.)  Plaintiffs objected to the discovery requests on the bases that they seek irrelevant information, that the collateral source rules of Florida and/or Kansas make the information inadmissible, that offers of compromise are inadmissible, and that the information is subject to a confidentiality agreement.  (*Id.*)  Defendant moves the Court for an order compelling Plaintiffs to respond to Interrogatory No. 1 and Requests for Production Nos. 3 and 4.  (Doc. 36, at 5.)   In their response, Plaintiffs seek a protective order which would prevent Defendant from seeking information

2

concerning the prior settlements between Plaintiffs and Thinking Outside and KSQ.  (Doc. 37.)

Defendant has included both Thinking Outside and KSQ in its comparative fault designation along with other individuals and entities, including Plaintiff. (Doc. 15.)  Defendant also states its intention to have representatives from both Thinking Outside and KSQ testify at trial.  (Doc. 36, at 2.)

## DISCUSSION

**A.      Timing for Filing a Motion to Compel.**

As an initial matter, Plaintiffs contend that Defendant's motion should be denied because it was not filed within 30 days of Plaintiffs' responses to the interrogatories at issue,[1] in violation of D.Kan. Rule 37.1(b) and the Court's Revised Scheduling Order.  (Doc. 27, at ¶ III(c).)  Both the local rule and the Scheduling Order state, however, that the time for filing such a motion may be extended "for good cause shown."  *Id*.

Less than a week after receiving Plaintiffs' discovery responses, defense counsel sent opposing counsel a detailed "golden rule" letter regarding the issues

---

[1]  The discovery was served on March 4, 2008. (Doc. 26.)  Plaintiffs' certificate of service states that responses and objections were served by Plaintiffs on April 9, 2008 (Doc. 29), but in Plaintiffs' opposing memorandum, Plaintiffs state that their objections to the discovery were served "on or about April 14, 2008."  (Doc. 38 at 2.)  Defendant's Motion to Compel was filed on May 29, 2008. (Doc. 35, 36.)

currently before the Court.  (Doc. 36-2, at 40-41.)  In the letter, defense counsel presented its arguments as to why the information requested was discoverable, including legal argument and citing much of the same case law contained in the present motion.  (*Id*.)  The court has been unable to find in the briefs any statements as to when or how Plaintiffs responded to this letter or whether any further discussions occurred between counsel as to these requests and objections.

Under these circumstances, the Court cannot find that Defendant was dilatory in bringing these issues to Plaintiffs' attention.  While the more appropriate procedure would have been for Defendant to file a motion to extend the time to file its motion to compel, the Court finds that Defendant has established good cause and the motion will not be denied for this reason.

**B.**  **Discoverability of Information Requested**.

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." ***Teichgraeber v. Memorial Union Corp. of Emporia State University***,

4

932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).

"Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991)

> When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

*Johnson v. Kraft Foods North America, Inc*., 238 F.R.D. 648, 653 (internal citation omitted). "Conversely, when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Manning v. General Motors*, 247 F.R.D. 646, 651 (D.Kan. 2007). "Courts should lean towards resolving doubt over relevance in favor of discovery." *Teichgraeber v. Memorial Union Corp. of*

*Emporia State Univ.*, 932 F.Supp. 1263, 1266 (D.Kan. 1996) (citing **Corrigan v.**

**Methodist Hosp.**, 158 F.R.D. 54, 57 (E.D. Pa.1994)).

Plaintiffs spend a good portion of their brief arguing that the information

requested by Defendant is not "admissible" and would confuse a jury if admitted at

trial.  (*See e.g.*, Doc. 38, at 5.)  This Court, however, is not currently concerned

with the ultimate *admissibility* of the information at trial; it is concerned only with

the *discoverability* of the information requested.

> Plaintiff's position overlooks the crucial function of the
> discovery process and confuses admissibility with
> discoverability. . . . [I]nformation need not be admissible
> at trial if the discovery appears reasonably calculated to
> lead to the discovery of admissible evidence.

**MGP Ingredients, Inc. v. Mars, Inc.**, No. 06-2318-JWL-DJW, 2007 WL 3231568,

at * 2 (D.Kan. Oct. 30, 2007).  Even if a trial judge may later determine that the

evidence should be excluded at trial, that possibility should not necessarily prevent

a party from conducting the requested discovery.  *Id*.  Stated another way,

"'Although [settlement] negotiations may not be admissible as evidence at trial

pursuant to Fed. R. Evid. 408, they are discoverable provided the requisite showing

has been made.'"  **Ramirez v. Nabil's, Inc.**, No. 1994-2396-GTV, 1995 WL

609415, at *1 (D.Kan. Oct. 5, 1995) (citing **Fidelity Fed. Sav. & Loan Ass'n v.**

**Felicetti**, 148 F.R.D. 532, 533-34 (E.D. Pa. 1993)).  The trial judge in this case can

subsequently rule on any issue as to the admissibility of the evidence at trial, and

Plaintiffs can certainly raise this issue by way of an *in limine* motion prior to trial.

Thus, contrary to Plaintiffs' suggestion, the mere discovery of information

concerning the settlement will not automatically lead to the introduction of that

evidence at trial or confusion of the jury.

Defendant states that it intends to call representatives of Thinking Outside

and KSQ as witnesses at trial.  (Doc. 36, at 2.)  Courts in this District have held

that, under similar circumstances, "[t]he terms, as well as the fact of settlement,

may affect their credibility as witnesses." **Ramirez**, 1995 WL 609415, at *2; *see*

*also* **Simmons Foods, Inc. v. Willis**, No. 97-4192-RDR, 2000 WL 204270, at *7

(D.Kan. Feb. 8, 2000).  Given the broad scope afforded during discovery, "[t]he

court finds the request for the settlement agreement and related documents are

reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Plaintiffs have not argued or even suggested that the settlement agreement is

privileged, only that it is confidential.  (Doc. 38, at 3.)  Courts in this District have

held that "[c]onfidentiality does not equate to privilege" and "generally does not

constitute grounds . . . to withhold information from discovery." **Folsom v.**

**Heartland Bank**, No. Civ. A. 98-2308-GTV, 1999 WL 322691, *2 (D.Kan. May

14, 1999) (citing **Federal Open Mkt. Comm. v. Merrill**, 443 U.S. 340, 362, 99

7

S.Ct. 2800, 61 L.Ed.2d 587 (1979)).  *See also*, **Simmons**, 2000 WL 204270, at *7, n.6.

In this case, Plaintiffs argue that "one or more of the parties" to the Florida suit deemed confidentiality to be vital.  (Doc. 38 at 4.)  Who those parties are remains unstated.  It may well be that Plaintiffs are the parties who sought confidentiality with the hope that the confidentiality would shield disclosure of the settlement in the later case which they knew they would be filing in Kansas.  If that were the case, Plaintiffs should not be able to construct a mechanism which would prevent the discovery of information in the Kansas case which would be reasonably calculated to lead to the discovery of relevant evidence.

Plaintiffs also represent that "a monetary penalty could be pursued against Plaintiff should he breach the confidentiality of the Agreement, whether he voluntarily disclosed the information or its is revealed by court order."  (Doc. 38 at 3) (emphasis added).  Plaintiffs do not represent to the Court that the Florida court entered any kind of protective order preventing the disclosure of information about the settlement; instead, they refer only to the terms of the settlement agreements. In the Court's experience, most confidentiality agreements have specific provisions that deal with the possibility that a party to the agreement may be subpoenaed or ordered by another court to disclose information deemed to be confidential.  Often,

8

those provisions provide for the subpoenaed party to give notice to the other party to the settlement agreement so that party may intervene in the subsequent proceedings to argue against any disclosure. The Court does not recall seeing any settlement agreements that penalize a party for disclosing information in accordance with a validly obtained court order. The Court has serious doubts that any such provision or penalty would be enforceable.

Later in Plaintiffs' opposing memorandum, there is a discussion of how any offset might be handled if the court finds that an offset for the prior settlement amounts is appropriate under Florida law. In dealing with this topic, Plaintiffs state that "any such offset can be calculated by the Court after the verdict is rendered." (Doc. 38 at 6.) However, in order to calculate any such offset, <u>the Court would have to know the amounts of the prior settlements</u>. Therefore, Plaintiffs are apparently conceding that this information can be provided to the Court at some time without violating any confidentiality provision of the prior settlement agreements. If that information can be provided after the verdict is rendered, it could also be provided pursuant to court order during discovery.[2]

---

[2] At the pretrial conference on June 17, 2008, Plaintiffs' counsel suggested that a fallback position might be to have the court examine the settlement agreements *in camera.* The court declines this approach and notes that if the agreements can be disclosed to the court for an *in camera* inspection, this is further indication that the restrictions of the settlement agreements are not as pervasive or punitive as has been suggested.

For the above reasons, the Court finds that Defendant's motion to compel should be granted and Plaintiffs' motion for a protective order should be denied. Plaintiffs will be required to provide the requested information concerning the prior settlements to Defendant not later than **September 19, 2008.**  Those disclosures, however, are subject to a protective order restricting disclosure of such information to Defendant's counsel alone, and prohibiting disclosure to Defendant, its employees or other representatives, or to any other person or entity without further order of the Court.  This will allow Defendant's counsel to analyze the settlement information in connection with its possible use as cross examination and the possible calculation of any offset.

Defendant has also requested costs and fees relating to the filing of this motion.  Although the Court did not agree with Plaintiff's objections, it does not find those objections to be frivolous.  As such, the Court sees no basis for the imposition of sanctions at the present time.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (Doc. 35) is **GRANTED**.  Conversely, Plaintiffs' request for a Protective order (Doc. 37) is **DENIED**.  Plaintiffs shall serve supplemental discovery responses on Defendant on or before **September 19, 2008**.

**IT IS FURTHER ORDERED** that the information to be disclosed pursuant

10

to this Memorandum and Order is  subject to a protective order limiting access to

such information to Defendant's counsel alone, and prohibiting counsel from

disclosing such information to Defendant, its employees or other representatives,

or to any other person or entity, without further order of the Court.


Dated at Wichita, Kansas, on this 28th day of August, 2008.


        s/  DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge

11